THE prisoner was indicted at the Dumfries District Court, in October, 1798, for larceny of a slave. There were two counts; the first charged him with having feloniously stolen, taken and carried away, a negro slave named Tom, of the value of 100/. of the property, and of the goods and chattels of John Hunter; ‘■'■from the possession of the said John Hunter P The second count was precisely the same with the first, except that it did not charge the slave to be taken from the possession of any person: the words in inverted commas being omitted. Neither count charged the offence to have been “ contra formam statuti.”
The jury found a verdict as fallows; “ we, of the jury “ find the prisoner guilty of feloniously stealing, taking, “ and carrying away negro Tom, as charged in the first “ count, while the said slave was a runaway; if the law “ is against him, we find him guilty; if the law is not “against him, we find him not guilty: we further find “him guilty of the charge in the second count.”
The prisoner moved to arrest the judgment, because, *123 “ the indictment against him, and the verdict thereupon, “ are insufficient in law.”
The question was adjourned, and the general court, November 17th, 1798, consisting of Judges Prentis, Tucker, Tyler, Nelson and Carrington, decided, “ that “ the laW is for the defendant, and that he ought to be “ acquitted of the offence charged in the first count, in ‘‘ the said indictment, the slave stolen being then a “ runaway, and not in the actual possession of the said “ John Hunter; and of the second, because the offence “ charged, is not an offence at common law.”